Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 2129 | **DATE** | 7/31/2000 |
| **CASE TITLE** | COMMERCIAL UNDERWRITERS INSURANCE vs. AIRES ENVIRONMENTAL SERVICES, LTD., | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter memorandum opinion and order: The Court: (1) denies CUIC's motion for summary judgment and grants Aires' motion for summary judgment with regard to CUIC's duty to defend; (2) declines to issue a declaratory judgment as to CUIC's duty to indemnify because such a judgment would be premature since Aires' liability in the state action has not yet been determined, and (3) hereby terminates this case. This is a final and appealable order.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | **Document Number** |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 34 |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| CG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

COMMERCIAL UNDERWRITERS )
INSURANCE COMPANY, )
 )
      Plaintiff, )
 )
      v. ) Case No.: 99 C 2129
 )
AIRES ENVIRONMENTAL SERVICES, LTD. ) Judge Ronald A. Guzman
n/k/a AIRES CONSULTING GROUP, INC., )
ARTHUR WARD, GEORGE HOFFMAN, JR., )
DELORES PHILLIPS, DOUGLAS and JANICE )
ROBERTS, AUDREY HAVIAR, Independent )
Administrator of the Estate of KEVIN L. )
ROBERTS, deceased and as mother and next )
Friend of DUSTIN LEE ROBERTS, a minor, )
and CHALICE KAY ROBERTS, )
 )
      Defendants. )

DOCKETED
JUL 3 1 2000

## MEMORANDUM OPINION AND ORDER

This diversity suit involves a claim filed by Aires Environmental Services, Ltd. ("Aires") under an insurance policy of Commercial Underwriter's Insurance Company ("CUIC"). Aires filed the claim for defense and indemnification after it had been named as a defendant by Arthur Ward, George Hoffman, Jr., Audrey Haviar, Delores Phillips, Douglas and Janice Roberts, and Sandra Roberts, plaintiffs in an underlying suit brought to recover damages arising from an industrial accident. CUIC brought this action seeking declaratory judgment that it has no duty to defend or indemnify Aires. Both parties have filed cross motions for summary judgment. In light of the undisputed facts set forth below, CUIC's motion is denied, and Aires' motion is granted with regards to CUIC's

duty to defend. CUIC's duty to indemnify, however, is not reached because the issue is not yet ripe for decision.

## **Facts**

Aires is an Illinois corporation that provides technical assistance relating to environmental and safety concerns to other companies. (Pl.'s LR56.1(a)(3) ¶¶ 4,10.) Reynolds Metals Company ("Reynolds") retained Aires' services in early 1995. (Defs.' LR56.1(b)(3) ¶ 11.) As part of that agreement, Aires sent its employee, Joseph DeLucia ("DeLucia"), to work regularly at the facility. (Pl.'s LR56.1(a)(3) ¶ 12.)

DeLucia's duties included safety inspections, worker safety training, preparing safety labels, and making recommendations towards the improvement of safety and environmental conditions at the Reynolds plant. (*Id.* ¶ 13.) DeLucia prepared weekly reports detailing his activities at the Reynolds plant. (*Id.*, Ex. A.)

In November 1995, an area of the Reynolds facility known as the cast house was undergoing renovation. (*Id.* ¶ 20.) As part of that renovation, a new pit was being excavated in the cast house, and the workers used compressed air to displace ground water. (*Id.* ¶ 21.) On November 9, 1995, the day of the occurrence giving rise to this suit and the underlying action, a compressed gas line from an argon source was inadvertently connected to the water pump rather than a hose leading from a normal air source. (*Id.* ¶ 22.) The subsequent oxygen displacement within the excavation pit resulted in the injuries and deaths of most of the defendants in this suit. (*Id* ¶ 27.)

As the accident was occurring, DeLucia went to the cast house where he assisted in rescue efforts and investigation. (*Id.*, Ex. A, 11-9-95 at 1-4.) DeLucia notified Aires management of the accident. (*Id.*, Ex. B, at 34.) As the subsequent investigation

2

proceeded, however, Reynolds asked that Aires not become involved. (*Id.* ¶ 35.) Reynolds and OSHA cooperated in the intensive investigation, which resulted in a number of OSHA citations. (*Id.* ¶¶ 34, 38.)

On December 8, 1995, the first lawsuit predicated on the accident was filed against Reynolds. (*Id.* ¶ 43.) Only Reynolds was named as a defendant in that action. (*Id.*) During the course of the litigation, DeLucia's deposition was taken. (Defs.' LR56.1(b)(3) ¶ 67.) At that point, Aires had not yet been named as a defendant in the underlying suit. (*Id.*) It was not until mid-November 1997 that the underlying plaintiffs named Aires as defendants. (Pl.'s LR56.1(a)(3) ¶ 68.)

Pursuant to an insurance contract signed prior to the accident, CUIC had agreed to defend and indemnify Aires. (*Id.*, Ex. I.) The terms of the contract created a condition precedent to coverage requiring Aires to notify CUIC as soon as practicable of any occurrence which may result in a claim. (*Id.* at § IV(2)(a).) Aires did not provide notice of the accident or the underlying suit until November 17, 1997, shortly after it had been named as a defendant. (*Id.* ¶ 69.)

In May 1998, Aires, through its insurance agent, requested CUIC to participate in its defense of the underlying suit. (*Id.* ¶ 75.) CUIC responded by agreeing to participate in defending Aires (along with Aires' other insurer, Steadfast Insurance Co., not a party to this suit) under a full reservation of rights. (*Id.* ¶ 82.) Citing Aires' alleged failure to provide reasonable notification of the occurrence, CUIC subsequently denied Aires' claim, ceased defending Aires, and filed this suit asking the court to declare that CUIC is not under an obligation to defend and indemnify Aires. (Comp. Ex. 11.) Both parties have filed cross-motions for summary judgment.

3

**Discussion**

Summary judgment is appropriate when "there is no genuine issue as to any material fact . . . and the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the initial burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Upon such a showing, the non-moving party must demonstrate the existence of a material issue of fact by setting forth specific facts. FED. R. CIV. P. 56(c). In considering a motion for summary judgment, the court must read all facts in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986).

CUIC seeks declaratory judgment that it has no duty to defend or indemnify Aires. Under Illinois law, an insurer has two duties when a lawsuit is filed against an insured which may trigger the insurer's policy coverage. The insurer has both the duty to defend and indemnify the insured. *Aetna Cas. & Sur. Co. v. Prestige Cas. Co.*, 195 Ill. App. 3d 660, 664, 553 N.E.2d 39, 41, 142 Ill. Dec. 689, 691 (1st Dist. 1990). The duty to indemnify "arises only after the insured becomes legally obligated to pay damages in the underlying action." *Id.* The duty to defend, however, arises when the complaint in the underlying suit alleges facts which potentially bring the claim within the scope of the policy coverage. *Id.*

In the instant case, the issue of whether the insurer has a duty to indemnify the insured is not ripe, and therefore should not be decided by the Court. A declaratory judgment as to this issue is premature when the insured's liability has not been established in the underlying action. *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Thomas M. Madden & Co.*, 813 F. Supp. 1349, 1353 (N.D. Ill. 1993). Furthermore, deciding this issue involves facts which will be adjudicated in the underlying suit. "[A]n

4

untimely determination of coverage in this declaratory action could subsequently prejudice the parties in the underlying action." *Doran v. Corn Prods.-U.S.*, 776 F. Supp. 368, 375 (N.D. Ill. 1991).

The underlying suit in which Aires and Reynolds are defendants is pending in the Circuit Court of Cook County. (Comp. Ex. 3.) Thus, because a declaratory judgment regarding CUIC's duty to indemnify would prejudice the parties in the wrongful death action, the Court finds CUIC's request for judgment on this issue untimely. Accordingly, the only issue properly before the court is whether the CUIC has a duty to defend Aires in the underlying suit.

The insurance policy at issue in this case required Aires to notify CUIC "as soon as practicable of an "occurrence" or an offense which may result in a claim." (Pl.'s LR 56.1(a)(3), Ex. L, § IV, ¶ 2a.) In Illinois, the time lapse which will be considered "as soon as practicable" is determined by applying an objective standard of reasonableness to all of the particular facts and circumstances in the case. *American Country Ins. Co. v. Efficient Constr. Corp.*, 225 Ill. App. 3d 177, 181, 587 N.E.2d 1073, 1075, 167 Ill. Dec. 458, 460 (1st Dist. 1992). Coverage is not necessarily precluded by a long delay between an occurrence and notice to the insurer when the insured has a justifiable excuse for the delay. *Id.*

CUIC maintains that Aires failed to provide notice within a reasonable time as required by the insurance contract. Aires, on the other hand, asserts that the two year delay between the occurrence and its notice to CUIC was caused by its reasonable belief that Aires would not be named as a defendant in the underlying action.[1] The issue of

---

[1] Aires also contends that CUIC breached its duty to defend Aires, and is therefore estopped from raising the issue of late notice. This court's decision regarding reasonable notice, however, renders that issue moot, and thus the estoppel theory is not reached.

whether notice to an insurer was reasonable may be properly decided by the court as a matter of law when there is no issue as to material facts. *Sonoco Bldgs., Inc. v. American Home Assurance Co.*, 877 F.2d 1350, 1356 (7th Cir. 1989); *see also Twin City Fire Ins. Co. v. Old World Trading Co.*, 266 Ill. App. 3d 1, 7, 639 N.E.2d 584, 588, 203 Ill. Dec. 264, 268 (1st Dist. 1993) (holding that in the absence of disputed material facts a trial court may decide the issue of reasonable notice as a matter of law).

"The key element of the requirement to notify is the appearance to a reasonable person that a claim covered by a policy may be brought against the insured, and not the appearance that the insured may be liable." *American Country Ins. Co. v. Efficient Constr. Corp.*, 225 Ill. App. 3d 177, 181, 587 N.E.2d 1073, 1075, 167 Ill. Dec. 458, 460 (1st Dist. 1992). In *Barrington Consolidated High School v. American Insurance Co.*, the Illinois Supreme Court held that notice by the insured was given "as soon as practicable" where the insured had no notice of potential liability until the plaintiff in the underlying action filed suit against the insured almost four years after the occurrence. *Barrington Consol. High Sch. v. American Ins. Co.*, 58 Ill. 2d 278, 282, 319 N.E.2d 25, 27 (1974). CUIC attempts to distinguish *Barrington* from the case at bar by comparing the nature and extent of injuries involved. This reasoning is unpersuasive. The analysis rendered by the Illinois Supreme Court focused on whether the insured reasonably anticipated being named as a defendant in the underlying lawsuit. Under this analysis, reasonableness of notice is not diminished as the severity of the underlying injury increases.

Similarly, in *Atlanta International Insurance Co. v. Checker Taxi Co., Inc.*, the court analyzed the question of notice to excess insurance carriers. In that case, Checker

6

Taxi did not notify its excess insurance companies regarding the underlying suit until almost two years after the accident when it became apparent at the pre-trial conference that Checker's liability would exceed the coverage supplied by its primary insurer. 214 Ill. App. 3d 440, 444, 574 N.E.2d 22, 25, 158 Ill. Dec. 228, 231 (1st Dist. 1991). Although that case involved excess insurance policies rather than primary policies, the court's analysis is similar to the reasoning applied in *Barrington*. The *Atlanta* court held that the delay between the accident and the notification to the excess insurer was reasonable because it was provided promptly after Checker Taxi realized that its liability would exceed its primary insurance coverage. *Id.* The issue of reasonableness, then, is determined on a basis of whether the insured reasonably believes the policy will be triggered.

In the case at bar, it is uncontroverted that Aires' employee was working near the site of the occurrence on the day of the accident. (Pl.'s LR56.1(a)(3), Ex. A.) His weekly reports of his daily responsibilities demonstrate, however, that he was not remotely involved in the events leading up to the accident. (*Id.*) It is undisputed that his activities in the cast house were related to asbestos testing and although he made labels for the compressed gas lines, his duties did not include affixing the labels to the air and argon lines. (Defs.' LR56.1(a)(3) ¶¶ 88, 90.) In fact, Aires' employee was prevented from labeling pipes by the fact that Reynolds is a union plant. (Pl.'s LR56.1(a)(3), Ex. B at 34.)

After the occurrence, Aires' director of operations, Geoffrey Bacci, consulted with Aires' counsel who advised him that DeLucia did not need legal representation at his deposition because Aires had not been named as a defendant in the underlying suit. (Defs.' LR56.1(a)(3) Bacci Dep. at 3.) Conversely, had Aires anticipated shouldering the

7

burden of liability, DeLucia would have been advised to be represented by counsel at his deposition. Furthermore, Aires was not named as a defendant in the underlying action until near the end of the statute of limitations, well after the initial filing of the lawsuit. (Pl.'s LR56.1(a)(3) ¶ 68.) Thus, we hold that Aires' belief that it would not be named as a defendant in the action which had been filed nearly two years prior was reasonable. It is undisputed that once Aires was finally named as a defendant in the underlying suit, it notified its insurance carriers promptly. (*Id.* ¶ 69.) Although two years had elapsed since the occurrence, Aires reasonably believed it would not be involved in the underlying suit, and thus has provided a justifiable excuse for its delay in providing notice to CUIC.

CUIC raises several other facts in support of its position. First, CUIC asserts the sophistication of Aires' principals should have enabled Aires to foresee its potential liability. (Pl. LR56.1(a)(3) ¶¶ 53-55.) It is undisputed that Aires' principals have served as expert witnesses and that one of them worked in risk management in the insurance industry. (*Id.*) CUIC correctly asserts that one with this professional background would be able to ascertain when potential liability exists. This being true, Aires' assessment of the likelihood of being sued, based upon its expertise, was more likely to be reasonable than not. The sophistication of Aires' principals therefore tends to support the position that Aires' asserted belief that they would not be sued was reasonable.

Next, CUIC asserts that Aires was aware of the citations OSHA gave Reynolds. (*Id.* ¶¶ 40, 41.) This fact by itself, however, does not indicate that Aires should have been on notice that it would be named as a defendant in the underlying action. Rather, the citations would put Aires on notice that Reynolds may be liable.

Finally, CUIC points out that during discovery in the underlying suit, Aires' responsibilities at the Reynolds plant were investigated. (Defs.' LR 56.1(a)(3) ¶ 93.) It is

8

apparently CUIC's contention that DeLucia's deposition should have put Aires on notice that they would be sued. As discussed above, however, DeLucia's duties were unrelated to the accident. Furthermore, DeLucia's deposition was given prior to the time when the plaintiffs in the underlying suit named Aires as a defendant. (*Id.*) Again, this fact may have put Aires on notice that Reynolds was being sued, but does not necessarily indicate that Aires would be named a defendant as well.

Thus the Court finds none of CUIC's arguments persuasive. Accordingly, the Court finds that Aires provided CUIC notice of the "occurrence" within a reasonable time, and that the notification was thus "as soon as practicable" as required by the insurance contract.

## Conclusion

For the foregoing reasons, the Court: (1) denies CUIC's motion for summary judgment and grants Aires' motion for summary judgment with regard to CUIC's duty to defend; (2) declines to issue a declaratory judgment as to CUIC's duty to indemnify because such a judgment would be premature since Aires' liability in the state action has not yet been determined, and (3) hereby terminates this case. This is a final and appealable order.

SO ORDERED   ENTERED: 7/31/00

HON. RONALD A. GUZMAN
**United States Judge**