Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 C 2129 | DATE | 9/5/2002 |
| CASE TITLE | COMMERCIAL UNDERWRITERS vs. AIRES ENVIRONMENTAL SERVICES, et al | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 9/18/02 at 9:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the Court grants Steadfast's motion to dismiss [55-1], denies Aires' motion to dismiss [53-1], and denies Aires' motion to strike [54-1]. Steadfast is hereby terminated as a party.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | SEP 9 2002 | |
| | Notified counsel by telephone. | date docketed | 79 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TBK | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| COMMERCIAL UNDERWRITERS INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 99 C 2129 |
| AIRES ENVIRONMENTAL SERVICES, LTD. n/k/a AIRES CONSULTING GROUP, INC., ARTHUR WARD, GEORGE HOFFMAN, JR., DELORES PHILLIPS, DOUGLAS and JANICE ROBERTS, AUDREY HAVIAR, Independent Administrator of the Estate of KEVIN L. ROBERTS, deceased and as mother and next Friend of DUSTIN LEE ROBERTS, a minor, and CHALICE KAY ROBERTS, | ) ) ) ) ) ) ) ) ) ) ) | Judge Ronald A. Guzmán |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

In its amended complaint, Commercial Underwriter's Insurance Company ("CUIC") has sued Aires Environmental Services, Ltd., which is now known as Aires Consulting Group, Inc. ("Aires"), Steadfast Insurance Company ("Steadfast"), and others seeking a declaratory judgment that it has no duty to indemnify Aires as to any settlement in the underlying suits and that, under policy terms, CUIC is entitled to an apportionment of costs of defense between itself and Steadfast or, in the alternative, entitled to an apportionment of costs of indemnification between itself and Steadfast. Before the Court is: (1) Steadfast's motion to dismiss pursuant to Fed. R. Civ. P. ("Rule") 12(b)(1); (2) Aires' motion to dismiss pursuant to Rule 12(b)(6); and (3) Aires' motion to strike plaintiff's claims against the underlying plaintiffs. For the reasons provided in this Memorandum Opinion and Order, Steadfast's motion is granted and Aires' motions to dismiss and to strike are denied.

74

**Facts**

Commercial Underwriters Insurance Company ("CUIC") is a California company that issued a Contract of Commercial General Liability Insurance to Aires Environmental Services, Ltd. ("Aires"). (Am. Compl. ¶ 2.) Aires is an Illinois corporation that provides assistance related to industrial hygiene to various other companies. (*Id.* ¶¶ 3, 17.) The Reynolds Metals Company ("Reynolds") was employing the services of Aires on November 9, 1995 when an accident occurred at the Reynolds facility in McCook, Illinois. (*Id.* ¶¶ 1, 17, 18.) Argon gas was pumped into a construction pit at the facility, resulting in the near or total asphyxiation of several workers and others who attempted to rescue them. (*Id.* ¶ 18.) Soon thereafter, several wrongful death lawsuits were filed against Reynolds, which were amended about two years later to include Aires as a defendant. (*Id.*, Ex. 3-6.)

On November 17, 1997, after being added as a defendant to the wrongful death lawsuits, Aires provided CUIC with notice of the accident. (*Id.* ¶ 19.) CUIC responded on April 17, 1998, by issuing a written reservation of rights to Aires. (*Id.*, Ex. 8.) On May 22, 1998, Aires, through its insurance agent, requested CUIC to participate in its defense of the wrongful death lawsuits. (*Id.*, Ex. 9.) CUIC agreed to participate, along with the Steadfast Insurance Company ("Steadfast"), which had also issued an insurance policy to Aires, in defending Aires under a full reservation of rights. (*Id.*, Ex. 10.) However, citing Aires' alleged failure to provide reasonable notification of the accident at the Reynolds facility, CUIC subsequently denied Aires' claim, ceased defending Aires, and filed suit for a declaratory judgment that it had no obligation to defend or indemnify Aires. (*Id.*, Ex. 11.) On cross-motions for summary judgment, this Court found that Aires' delay in notifying CUIC of the accident was reasonable and granted Aires' motion for summary judgment that CUIC had a duty to defend Aires against the wrongful death

2

claims. *Commercial Underwriters Ins. Co. v. Aires Environmental Servs., Ltd.*, No. 99 C 2129, 2000 WL 1053960, at *5 (N.D. Ill. Jul. 31, 2000). The issue of indemnification was not reached because, at that time, Aires had not yet incurred any liability for the 1995 accident. *Id.* Upon appeal by CUIC, the judgment of the Court was affirmed and the case remanded to determine whether CUIC has any duty to indemnify Aires. *Commercial Underwriters Ins. Co. v. Aires Environmental Servs., Ltd.*, 259 F.3d 792, 799 (7th Cir. 2001). CUIC subsequently filed this amended complaint for a declaratory judgment against Aires, Steadfast, and the plaintiffs in the underlying wrongful death lawsuits. Presently before the Court are Steadfast and Aires' motions to dismiss, as well as Aires' motion to strike.

## Discussion

Steadfast has moved to dismiss the amended complaint pursuant to Rule 12(b)(1) because there is no actual controversy between CUIC and Steadfast. Aires has moved to dismiss the amended complaint pursuant to Rule 12(b)(6) and has moved to strike plaintiff's claims against the underlying plaintiffs. The Court addresses each motion in turn.

### A. Steadfast's Motion to Dismiss

Defendant Steadfast argues that the amended complaint must be dismissed for lack of jurisdiction. The Declaratory Judgment Act, 28 U.S.C. § 2201, "requires an 'actual controversy' for decision." *Alcan Aluminum Ltd. v. Dep't of Revenue of State of Oregon*, 724 F.2d 1294, 1298 (1984). To determine whether an actual controversy exists, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality

3

to warrant the issuance of a declaratory judgment.'" *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941). The "defendant must have engaged in conduct giving rise to a reasonable apprehension on plaintiff's part that it will face . . . suit or the threat of one if it commences or continues the activity in question." *Int'l Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1210 (7th Cir. 1980). "The focus of the inquiry must rest on the defendant's statements and conduct since an 'apprehension alone, if not inspired by defendant's actions, does not give rise to an actual controversy.'" *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 627 (7th Cir. 1995) (quoting *Int'l Harvester*, 623 F.2d at 1211).

"Where the defendant raises factual questions concerning jurisdiction, the court need not accept the allegations of the complaint as true; the court may look behind the complaint and view the evidence to determine whether a controversy in fact exists." *Int'l Harvester*, 623 F.2d at 1210. "The plaintiff has the burden of supporting the jurisdictional allegations of the complaint by competent proof. In deciding whether the plaintiff has carried this burden, the court must look to the state of affairs as of the filing of the complaint . . . ." *Id.* (citations omitted).

In this case, Steadfast raises factual questions concerning jurisdiction because it states that it has not engaged in conduct to threaten legal action by way of a contribution action with regard to either the defense costs it incurred in defending Aires or the settlement expenses in the underlying litigation in state court. According to Steadfast, CUIC's apprehension alone, absent any threatening conduct by Steadfast, is insufficient to create an actual controversy.

Because Steadfast has raised this factual question, it is CUIC's burden to support its jurisdictional allegations with competent proof. This it has failed to do. CUIC merely asserts that a case of actual controversy exists between itself and defendant Steadfast because the

question of contribution between insurers is a recognized cause of action in a declaratory judgment action.[1] However, in this case, it is Steadfast, not CUIC, who has paid for the loss incurred by Aires. Indeed, what CUIC, in essence, seeks, is an advisory opinion in the event that Steadfast were to bring or threaten to bring a contribution action against it, which it apparently has not done. CUIC has not produced any evidence regarding Steadfast's statements or conduct to support a reasonable apprehension of a contribution action against CUIC to carry its burden. Accordingly, the Court finds that CUIC has failed to establish that Steadfast has instilled in CUIC a reasonable apprehension of suit or the threat of suit. Therefore, the Court grants defendant Steadfast's motion to dismiss plaintiff's amended complaint due to the lack of an actual controversy.

In a further bid to establish the presence of an actual controversy with regard to Steadfast, plaintiff argues that Steadfast is the real party in interest to the indemnification claim of defendant Aires and must therefore be joined in the action in its own name. (Pl.'s Response Steadfast's Mot. Dismiss, at 2.) However, as the insured party, Aires has every right to seek from its insurer indemnification for the losses that have been sustained.

---

[1] In support of its argument, plaintiff cites *Royal Globe Ins. Co. v. Aetna Ins. Co.*, 403 N.E.2d 680, 682 (Ill. App. Ct. 1980). However, in the *Royal Globe* case, it was the insurer that had paid for the entire underlying claim that requested the declaratory judgment. *Id.* In fact, the *Royal Globe* court stated that contribution "is an equitable principle arising among co-insurers which permits *one who has paid the entire loss* to be reimbursed from other insurers who are also liable for the loss." *Id.* (emphasis added); *see also Liberty Mut. Ins. Co. v. Westfield Ins. Co.*, 703 N.E.2d 439, 441 (Ill. App. Ct. 1998); *Ins. Co. of Ill. v. Safeway Ins. Co.*, 600 N.E.2d 43, 44 (Ill. App. Ct. 1992); *Pekin Ins. Co. v. Cincinnati Ins. Co.*, 510 N.E.2d 524, 526 (Ill. App. Ct. 1987). Though plaintiff asserts that a non-contributing insurer can maintain an equitable contribution action, plaintiff cites no cases in which this has occurred in the absence of a real or imminent reimbursement claim. (Pl.'s Response Steadfast's Mot. Dismiss, at 2-3.)

Furthermore, Steadfast counters that Aires can maintain a subrogation action in its own name on behalf of it and Steadfast. (Def. Steadfast's Mot. Dismiss, at 7.) Subrogation is an equitable doctrine "whereby one who fulfills an obligation on behalf of another stands in the other's place with respect to the claim." *Aetna Cas. & Sur. Co. v. Chicago Ins. Co.*, 994 F.2d 1254, 1257 (7th Cir. 1993); *Dix Mut. Ins. Co. v. LaFramboise*, 597 N.E.2d 622, 624-25 (Ill. 1992). However, in Illinois, "if an insured plaintiff has even a *de minimis* pecuniary interest in the lawsuit, that interest is sufficient to allow a subrogation action to be maintained in plaintiff's name." *U.S. v. Pitt-Des Moines, Inc.*, No. 96 CR 513, 1997 WL 417461, at *3 (N.D. Ill. July 23, 1997); *Orejel v. York Int'l Corp., Inc.*, 678 N.E.2d 683, 692 (Ill. App. Ct. 1997); *Radtke v. Int'l Heater Co., Inc.*, 488 N.E.2d 1352, 1354 (Ill. App. Ct. 1986). Such an interest exists where the insured "has an interest in the suit and is entitled to recover something, if only a nominal sum, over and above the amount of the subrogation claim." *Shaw v. Close*, 235 N.E.2d 830, 831-32 (Ill. App. Ct. 1968). Here, defendant Aires has an interest that could be as much as $22,500, which is the difference between the deductibles of the insurance policies issued by Steadfast and CUIC. This amount surely qualifies as a *de minimis* interest, as defined under Illinois law.

### B. Aires' Motion to Dismiss

Aires has moved to dismiss the amended complaint for failure to state a claim. Aires argues that because CUIC breached its duty to defend, it has an obligation to indemnify Aires for all costs incurred in the underlying actions.

A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations. *See Hishon v. King &*

*Spalding*, 467 U.S. 69, 73 (1984). The court will accept as true all well-pleaded allegations and view them in a light most favorable to the non-moving party. *Id.*

An insurer's duty to defend its insured is much broader than its duty to indemnify. *Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 607 N.E.2d 1204, 1220 (Ill. 1992). Essentially, the duty to defend arises when the allegations made against the insured fall within, or *potentially within*, the coverage afforded by the insured's policy. *Id.* An insurer's duty to indemnify arises only when the insured actually incurs financial liability *and* the liability actually falls within the scope of the insurance policy. *Id.* at 1221. In other words, a finding that CUIC is obligated to defend Aires does not necessarily give rise to a conclusion that CUIC must also indemnify Aires.

Aires argues that both this Court and the Seventh Circuit Court of Appeals found that CUIC breached its duty to defend Aires. (Def.'s Mot. Dismiss Pl.'s Am. Compl., at 7.) However, what this Court and the Seventh Circuit held was merely that CUIC had a duty to defend Aires. *See Commercial Underwriters*, 259 F.3d at 799; *Commercial Underwriters*, 2000 WL 1053960, at *4. The issues of whether CUIC actually breached the duty to defend, and whether CUIC had a duty to indemnify Aires, were not reached by either court. *Id.*

Aires further argues that CUIC is obligated to fully indemnify Aires because of CUIC's alleged breach of its duty to defend Aires. (Def.'s Mot. Dismiss Pl.'s Am. Compl., at 7.) According to Aires, this alleged breach prevents CUIC from asserting defenses to Aires' claim for indemnification. *Id.* Aires also avers that CUIC has improperly asserted that this Court has held that CUIC is not estopped from raising defenses to Aires' claim for indemnification. (Def.'s Reply Pl.'s Response Def.'s Mot. Dismiss, at 2.) However, it appears to the Court that what CUIC is asserting is that it *may* be able to prove facts that show it preserved its right to

raise defenses to any claims of indemnification that may be brought against it by Aires. (Pl.'s Response Def.'s Mot. Dismiss, at 6.)

Aires' argument, of course, is that CUIC *did not* properly preserve its right to raise defenses to any indemnification claim, and that therefore CUIC has a duty to fully indemnify Aires for its losses related to the accident at the Reynolds facility. The crux of Aires' argument appears to be its contention that CUIC breached its duty to defend "by failing to either defend under a reservation of rights or *promptly* seek a declaration of its rights." (Def.'s Reply Pl.'s Response Def.'s Mot. Dismiss, at 3.) Although Aires' claims that this position is "well-supported by Illinois law," it rests its argument solely on the shoulders of a single case that is not precisely analogous to the situation presently before the Court. (*Id.* at 3-6.)

In *Employers Insurance of Wausau v. Ehlco Liquidating Trust*, the Illinois Supreme Court held that an insurer seeking to disclaim coverage has two options: "(1) defend the suit under a reservation of rights or (2) seek a declaratory judgment that there is no coverage." 708 N.E.2d 1122, 1135 (Ill. 1999). In that case, the declaratory judgment action was filed *after* the resolution of the underlying lawsuits. The Court held that "[w]here an insurer waits to bring its declaratory judgment action until *after the underlying action has been resolved* by a judgment or a settlement, the insurer's declaratory judgment action is untimely as a matter of law." *Id.* at 1138 (emphasis added).

Contrary to Aires' characterization, the facts before this Court are substantially different than those in *Ehlco*. In this case, CUIC filed its declaratory judgment action on March 31, 1999. The underlying lawsuits were not settled until more than a year later in August 2000, according to Aires. (Def.'s Reply Pl.'s Response Def.'s Mot. Strike Claims Underlying Pls., at 2.) While

8

this is of course is insufficient to show that CUIC did not breach its duty to defend Aires, it also does not show that CUIC's filing was insufficiently prompt as a matter of law.

Aires also attaches a great deal of significance to the six-month period that elapsed from the time it notified CUIC of the potential insurance claim to the point at which CUIC gave Aires its first response, and to the two-month period that subsequently passed before CUIC agreed to defend Aires. (Def.'s Mot. Dismiss Pl.'s Am. Compl., at 7.) However, Aires cites no law that would counter CUIC's assertion that it *may* be able to prove that these delays are not sufficient to constitute a breach of its duty to defend Aires.

Aires also argues that CUIC is estopped from attacking the amounts of the settlements between Aires and the underlying claimants. (Def.'s Mot. Dismiss Pl.'s Am. Compl., at 8.) However, the Court agrees with CUIC that, even if the duty to defend was breached, CUIC is entitled to seek a declaration that the settlements were or were not reasonable considering the extent of Aires' likely liability. *See, e.g., Platinum Tech., Inc. v. Fed'l Ins. Co.*, 282 F.3d 927, 931-33 (7th Cir. 2002). In *Platinum Technology, Inc. v. Federal Insurance Co.*, the insurer breached its duty to defend and the insured subsequently settled its dispute and sued the insurer for reimbursement. *Id.* at 930. Regardless, both the district court and the appellate court stated that the insurer could raise the issue of whether the settlement was reasonable in light of the insured's anticipated liability. *Id.* at 931-32; *Platinum Tech., Inc. v. Fed'l Ins. Co.*, No. 99 C 7378, 2001 WL 109814, *4 (N.D. Ill. Feb. 2, 2001), *rev'd on other grounds*, 282 F.3d 927 (7th Cir. 2002). As the district court in *Platinum Technology* noted, even a breach of the duty to defend does not give an insured a "blank check" with which it can saddle the insurer with otherwise unreasonable liability. *Platinum Technology*, 2001 WL 109814, at *4.

9

In sum, Aires has not established that there are no set of facts under which CUIC may prevail on its legal theories raised in the amended complaint. Accordingly, the Court denies Aires' motion to dismiss.

## C. Aires' Motion to Strike Plaintiff's Claims Against the Underlying Plaintiffs

Named as defendants in CUIC's amended complaint are the plaintiffs in the five underlying wrongful death actions filed as a result of the industrial accident that engendered this dispute. (Pl.'s Am. Compl. ¶ 14.) Defendant Aires has filed a motion to strike these underlying claimants from CUIC's lawsuit, on grounds that the underlying claimants have settled their grievances against Aires and thus no longer have any legal interest in the outcome of this action. (Def.'s Mot. Strike ¶ 4.)

In Illinois, the general rule is that "the tort claimant in an underlying action is a necessary party to a declaratory judgment action brought to determine insurance coverage for that claim." *Soc'y of Mount Carmel v. Nat'l Ben Franklin Ins. Co. of Ill.*, 643 N.E.2d 1280, 1285 (Ill. App. Ct. 1994). The reasoning behind this policy is that claimants in underlying actions possess a "legal or beneficial interest in the subject matter of the litigation" that will necessarily be affected by any judgment of the Court. *Id.* at 1284.

Although Aires states that the underlying claimants in this case no longer have an interest in the Court's eventual decision, it would be improper for the Court to reach such a conclusion based solely upon Aires' representation. The Court has before it no information indicating the terms of any settlement agreements that may have been entered into by the underlying claimants. Furthermore, no attorney professing to represent any of the underlying claimants has appeared before the Court, and the Court has not been informed by the underlying claimants that they wish

Aires to act as their representative. Whatever Aires' motives may be, the Court will not risk prejudicing the legal rights of the underlying claimants by dismissing CUIC's complaint against them. Therefore, the Court denies Aires' motion to strike CUIC's claims against the underlying claimants.

## Conclusion

For the above reasons, the Court grants Steadfast's motion to dismiss [doc. no. 55-1], denies Aires' motion to dismiss [53-1], and denies Aires' motion to strike [54-1]. Steadfast is hereby terminated as a party.

**SO ORDERED**  ENTERED: 9-5-02

HON. RONALD A. GUZMAN
United States Judge